1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| KAREN THOMPSON, | Case No.: CV 13-02678-R (SH) |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | Hon. Manuel R. Real |

The Court, having presided at the trial of this matter, having listened to the testimony and considered the exhibits presented, and having listened to argument of counsel, hereby makes the following findings of fact and conclusions of law:

Plaintiff was represented by Arvin Ratanavongse and Paul Mankin. Defendant was represented by Assistant United States Attorney David A. DeJute.

The Court finds the testimony of Plaintiff Karen Thompson to be not credible.  The Court finds the testimony of U.S. Postal Carrier Rita Denham to be credible.

There exists no dispute that a parcel was left by Denham in her ordinary course as a USPS Letter Carrier at the home of Thompson.  The parcel was large and, because of the configuration of Plaintiff's doorway, it was left by the door, pushed as far as possible to one side.  Denham had delivered large packages at

this address before without incident. At no time did Plaintiff or her husband, each of whom resided at the address, ever complain about the manner in which Denham left packages.

On August 10, 2011, Denham left a large package at the address, and Denham rang the doorbell. When no one came to the door, Denham proceeded to her truck and began to leave.

At that time, Thompson came to the door, quickly opened it and, without looking down, stepped out of her front door, onto the package and slipped. Thompson yelled and Denham came to the Plaintiff's assistance.

Denham helped Thompson back into her home, administered what care she could and, after advising Thompson to go to the hospital, Denham left.

After making an administrative claim, Plaintiff filed suit under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (the "FTCA"). The law of the place where the allegedly negligent act occurred governs the substantive law applied. 28 U.S.C. §§ 1346(b), 2674. To have a cognizable claim, the claim must arise from the negligent or wrongful act of a government employee acting within the scope of her employment under circumstances where the United States, if it were a private individual, would be liable under the law of the state where the claim arose. 28 U.S.C. §§ 1346(b), 2674; Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 936, 97 L.Ed. 1427 (1953). California law is applicable because the accident occurred in California.

In California, actionable negligence requires a legal duty to use care, breach of that duty, and causation. U.S. Liability Insurance Co. v. Haideinger-Hayes, 1 Cal.3d 586, 594, 463 P.2d 770, 774, 83 Cal.Rptr. 418, 422 (1970). Thompson had the burden to prove by a preponderance of the evidence that her claimed damages were caused by the negligent act or omission of an employee of the United States. 28 U.S.C. §§ 2674. Thompson has not met her burden.

The United States, through the actions of Denham, was not negligent in placing the package where it was placed. To the contrary, Thompson was

1  negligent in leaving her front door, where packages had been and were in the
2  future placed without complaint or comment by Plaintiff or her husband, and
3  failing to look down.  Had Thompson used a reasonable amount of care by
4  looking down, she could have avoided the accident.
5        Accordingly, this Court finds for the Defendant.

DATED: August 7, 2014

_____
MANUEL R. REAL
United States District Judge